# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL KEVIN PRO, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| SHERIFF STACY L. NICHOLSON, | : | CIVIL ACTION NO. |
| et al., | : | 2:08-CV-0123-RWS |
|     Defendants. | : | |

## ORDER

Plaintiff, Michael Kevin Pro, an inmate at the Hall County Detention Center in Gainesville, Georgia, has submitted the instant pro se 42 U.S.C. § 1983 civil rights action and has been allowed to proceed in forma pauperis. (Doc. Nos. 1, 16.) The matter is now before the Court for screening under 28 U.S.C. § 1915A and on Plaintiff's motion to appoint counsel (Doc. No. 6), motion to inspect (Doc. No. 11), motion for immediate release (Doc. No. 12), motion for copies of file (Doc. No. 13), motion to inspect mail activity (Doc. No. 14), and motion to inspect the names and housing (Doc. No. 15).

**I.     28 U.S.C. § 1915A**

    **A.     Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial

screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by

2

lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

AO 72A
(Rev.8/82)

## B. **Discussion**

Plaintiff brings this action against Stacy L. Nicholson, Gilmer County Sheriff; Lieutenant Pickel; Lieutenant Coleman; Barbra Taylor, Nurse; and Captain Daves. (Doc. No. 1 ¶ III.) Plaintiff complains that: (1) inmates pass out food without medical approval; (2) medical staff are not present twenty-four hours a day; (3) medical staff allow inmates who test positive for Tuberculosis (TB) to live in dorms with inmates who do not have TB and do not provide masks to stop the spread of germs; (4) the dorm has no trash can and trash is left on the floor all day; (5) the top floor railing has a "3x4 hole all the way around" and someone could fall through, and (6) most of the staff and floor officers carry knives and an inmate could steal a knife and kill someone. (Id. ¶ IV.) Plaintiff seeks damages. (Id. ¶ V.)

The Eighth Amendment prohibits deliberate indifference to prison conditions that deprive an inmate of essential human needs such as food, clothing, shelter, medical care, and reasonable safety. Helling v. McKinney, 509 U.S. 25, 31-32 (1993). While the Eighth Amendment does not mandate that prisons be comfortable, neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In prison-conditions cases, the conditions alleged must be so severe that they result in an "unquestioned and serious deprivation of basic human needs," depriving an inmate "of

4

the minimal civilized measure of life's necessities. . . . [C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To state an Eighth-Amendment prison-conditions claim, the plaintiff must allege (1) that he or she is "incarcerated under conditions posing a substantial risk of serious harm" and (2) deliberate indifference by the defendant prison official. Farmer, 511 U.S. at 834.

Here, with the exception of the TB exposure claim, the various conditions alleged by Plaintiff are not so severe as to deprive him "of the minimal civilized measure of life's necessities." Plaintiff's hypothetical fears, that someone could fall through the railing or an inmate could steal an officer's knife, are insufficient to state an Eight Amendment prison conditions claim. His allegation that trash is left on the floor during the day, without more, also is insufficient to state a claim. Accordingly, all claims other than the TB exposure claim shall be dismissed.

On the TB exposure claim, this Court finds that, although exposure to TB is a serious matter, Plaintiff's allegations contain little factual material and barely rise above the speculative level. Plaintiff must amend to give Defendants fair notice of the grounds upon which his claim rests. Plaintiff should include any known facts regarding (1) whether the alleged TB infections are latent or active, (2) the names of inmates who

5

allegedly have TB and the basis for Plaintiff's belief that they have TB, (3) how Plaintiff has been exposed to TB and the dates of that exposure, (4) the names of Defendants that Plaintiff claims are aware of the TB infections and any actions taken by Plaintiff to make those Defendants aware of the alleged TB infections, and (5) any other relevant facts known to Plaintiff.

## III. Motions

Plaintiff asks for appointed counsel to help with various pre-trial matters. Appointment of counsel in a prisoner civil rights action is a privilege that is justified only in "exceptional circumstances." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Such circumstances may involve (1) the complexity of factual and/or legal issues, (2) whether the plaintiff's ability to navigate pre-trial procedures will limit his ability to present his case to the court, and (3) the plaintiff's access to legal help. Id. at 193-94. At this time, Plaintiff's pleadings show that he is able to present his interests to this Court, and his motion shall be denied, without prejudice.

In his motion to inspect and motion to inspect the names and housing, Plaintiff essentially seeks discovery from Defendants. (Doc. Nos. 11, 15.) Discovery will commence in the event that this action passes preliminary review and is allowed to

6

proceed, and Defendants are served. Accordingly, the motions to inspect shall be denied at this time.

Plaintiff also moves for immediate release from the Gilmer County Detention Center. (Doc. No. 12.) Release from incarceration is not an available remedy in a civil rights action, and Plaintiff's motion is due to be denied. See Preiser v. Rodriguez, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

In Plaintiff's motion for copies of file, he states that he cannot afford to pay for copies of his file. (Doc. No. 13.) The file consists of Plaintiff's own pleadings, of which he should have retained copies, and this Court's Orders, copies of which this Court's Clerk already has provided to Plaintiff. Thus, Plaintiff's motion shall be denied.

In his motion to inspect mail activity, Plaintiff seeks information on why his mail was returned from the Gilmer County Detention Center to this Court and marked undeliverable. (Doc. No. 14.) It appears that Plaintiff's mail, sent to Gilmer County, was returned as undeliverable because Plaintiff was transferred to Hall County Detention Center, where he is now receiving his mail. (See Doc. Nos. 4, 5.) There

AO 72A
(Rev.8/82)

appears no need for any Order from this Court on the matter, and this motion shall be denied.

**IV. Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's motion to appoint counsel (Doc. No. 6) is **DENIED**, without prejudice. If this Court determines, at a later point in the proceedings, that Plaintiff requires appointed counsel, it will reconsider, <u>sua</u> <u>sponte</u>, Plaintiff's request.

**IT IS ORDERED** that Plaintiff's motion to inspect (Doc. No. 11) and motion to inspect the names and housing (Doc. No. 15) are **DENIED**, without prejudice.

**IT IS ORDERED** that Plaintiff's motion for immediate release (Doc. No. 12), motion for copies of file (Doc. No. 13), and motion to inspect mail activity (Doc. No. 14) are **DENIED**.

**IT IS FURTHER ORDERED** that all claims in this action, other than the Eighth Amendment claim regarding exposure to tuberculosis, are **DISMISSED**, pursuant to 28 U.S.C. § 1915A. Plaintiff is **DIRECTED** that he has thirty (30) days from the entry date of this Order in which to amend his tuberculosis exposure claim as directed above.

AO 72A
(Rev.8/82)

Plaintiff is admonished that failure to timely submit the above ordered amendment to his complaint within the specified period of time may result in dismissal of this action pursuant to Local Rule 41.3.

The Clerk is **DIRECTED** to **RESUBMIT** this action to the undersigned upon the expiration of the aforementioned thirty-day time period.

**IT IS SO ORDERED** this  18th  day of September, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)